Gregory G. Paul (SBN 233060)
Paul Law Offices
1808 Wedemeyer Street, Suite 216
San Francisco, CA 94129
Tel: (415) 326-8300
Fax: (888) 822-9421
gregpaul@paullaw.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

Jon-Pierre Rattie,

        Plaintiff,

vs.                                  Civil Action Number:

Balfour Beatty Infrastructure, Inc.,

        Defendant.

## COMPLAINT

AND NOW, comes the Plaintiff, Jon Pierre Rattie, by and through his undersigned counsel, Gregory G. Paul, and files this Complaint for violations of the California Fair Employment and Housing Act and the California Family Rights Act.

## NATURE OF ACTION

1. This is a proceeding to remedy denial of accommodations, discrimination, harassment and retaliation seeking declaratory and injunctive relief and for damages against defendants to redress the deprivation of rights secured to the plaintiff by the California Fair Employment and Housing Act and the California Family Rights Act

2. Plaintiff, Jon-Pierre Rattie, seeks a declaratory judgment and injunctive relief to restrain Defendants from maintaining practices, policies, customs, and usages, which discriminate against plaintiff because of his disability and/or in retaliation for making informal and formal requests for accommodation.

1

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1332 based upon diversity of citizenship.

4. Venue lies within this judicial district, since the substantial actions complained of herein occurred within the Northern District of California while Mr. Rattie worked on the Caltrains Project in San Mateo, California.

## PARTIES

5. Plaintiff, Jon-Pierre Rattie, is a resident of Austin, Texas and formerly was employed by Defendant in San Mateo, California as a Manager of Testing and Commissioning.

6. Defendant, Balfour Beatty Infrastructure, Inc., is an employer as defined by the California Fair Employment and Housing Act located at 2121 South El Camino Real, Suite 1000, San Mateo, California 94403. Mr. Rattie worked from this location and remotely on projects including the Caltrain Peninsula Corridor Electrification Project (PCEP) of the 52-mile corridor between San Francisco and San Jose.

## DOE DEFENDANTS

7. Defendants DOES 1-20, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Mr. Rattie.  When the true names and capacities are ascertained, Mr. Rattie will amend this complaint by inserting their true names and capacities herein.  Mr. Rattie is informed and believes and thereon alleges that at least some of the fictitiously named defendants claim an interest.

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

8. The California Department of Fair Employment and Housing issued a right to sue letter dated August 31, 2022.

## SUMMARY OF ACTION

9. Following a conference call approximately one month earlier concerning his diagnosis and need to work remotely, Lorie Holte, Project Manager, sent a letter dated April 1, 2022 to Mr. Rattie requiring his physical return to work by April 18, 2022 related to his work on a Caltrain Project.

10. Mr. Rattie had previously and continued to work remotely for over two years with annual merit increases and no discipline.

11. Throughout the month of April, Mr. Rattie received unprecedented and harassing emails and comments from Mike Vaz, Matt Brassington and Pete Webb questioning his abilities performing his job.

12. Mr. Rattie was diagnosed with Common Variable Immune Dysfunction (CVID) and this condition requires specialized injections.

13. Defendant was informed about his condition on or about February of 2019.

14. Mr. Rattie has been able to afford and receive these injections in Texas under his employer-sponsored health care, Blue Cross and Blue Shield of Texas.

15. This mandatory treatment regime prompted his relocation to Austin, Texas.

16. Additionally, the past accommodations to work remotely initiated by his physicians at Stanford in 2020 have continued through the present to support certain symptoms and side-effects related to his diagnosis of CVID and treatment.

17. Dr. Villacis, Mr. Rattie's physician, completed an accommodation form and wrote an accommodation letter dated April 27, 2022 that was submitted to Defendant.

18. On or about May 3, 2022, Jeff Rogers, the new Systems Integration Manager, and Troy Gjerde, Vice-President of U.S. Civils for Balfour Beatty, had a conversation about a plan to fire Mr. Rattie.

19. Mr. Gjerde asked Mr. Rogers if he wanted him terminated and Mr. Rogers said "yes".

20. Mr. Gjerde then said, "Ok, well do what you have to do."

21. During the weeks of May 2nd and May 9th, Mr. Rattie's Testing and Commissioning meeting with the client had been taken away and his internal Testing and Commissioning meeting had been unattended by the discipline leads and managers for three weeks, effectively preventing him from getting any updates at all.

22. No one attended any of Mr. Rattie's meetings or returned his calls or emails.

23. Following his request for accommodation, Respondent placed him on an involuntary leave of absence with pay effective May 13, 2022 under the guise of an alleged misuse of Teams, a program used for remote meetings.

24. Defendant has not responded to Mr. Rattie's request for accommodation and threatened to terminate his employment effective August 12, 2022.

25. Defendant has continued to deny Mr. Rattie employment opportunities and stopped his pay effective August 26, 2022.

## FIRST CAUSE OF ACTION
## FEHA: CFRA INTERFERENCE

26. The allegations of above paragraphs are realleged and incorporated herein by reference, and plaintiff alleges for a first cause of action as follows:

27. In response to Mr. Rattie's request for an accommodation regarding his underlying disability, Defendant placed him on an involuntary leave of absence without the rights and protections of the California Family Rights Act as codified in Gov't Code 12945.2 et seq.

28. Defendant placed Mr. Rattie on a leave of absence without advising him of his right to return to his position upon expiration of twelve weeks.

29. As a result, Defendants interfered with his forced use of leave and protections.

## SECOND CAUSE OF ACTION
## FEHA - DISABILITY DISCRIMINATION:
## FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

30. The allegations of above paragraphs are realleged and incorporated herein by reference, and plaintiff alleges for a third cause of action as follows:

31. The Fair Employment and Housing Act prohibits employment discrimination against anyone with a physical disability or mental conditions. Gov't Code Section 12940(a).

32. A physical disability is a condition that limits one or more major life activities. Physical disability also includes being regarded or treated by the employer as having had a disability or medical condition that substantially limits a major life activity.

33. At all relevant times, plaintiff either suffered from a disability as defined by law or was regarded as or having a record of having a disability. Plaintiff was otherwise qualified for the position he held because he could perform the essential functions with or without accommodations.

34. Nonetheless, defendant refused to engage in the interactive process to identify reasonable accommodations consistent with his physician's restrictions.

35. Defendants knew of Mr. Rattie's disabilities and medical restrictions. Moreover, defendant's agents including supervisors discussed such medical conditions and requests for accommodations.

**THIRD CAUSE OF ACTION**
**FEHA - DISABILITY DISCRIMINATION:**
**FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS**

36. The allegations of above paragraphs are realleged and incorporated herein by reference, and plaintiff alleges for a fourth cause of action as follows:

37. The Fair Employment and Housing Act prohibits employment discrimination against anyone with a physical disability or mental conditions. Gov't Code Section 12940(a).

38. A physical disability is a condition that limits one or more major life activities. Physical disability also includes being regarded or treated by the employer as having had a disability or medical condition that substantially limits a major life activity.

39. At all relevant times, plaintiff either suffered from a disability as defined by law or was regarded as or having a record of having a disability. Plaintiff was otherwise qualified for the position he held because he could perform the essential functions with or without accommodations.

40. Nonetheless, defendant refused to engage in the interactive process to identify reasonable accommodations consistent with his physician's restrictions.

41. Defendant knew of Mr. Rattie's disabilities and medical restrictions. Moreover, defendant's agents including supervisors discussed such medical conditions and requests for accommodations.

### FOURTH CAUSE OF ACTION
### FEHA:  HARASSMENT

42. The allegations of above paragraphs are realleged and incorporated herein by reference, and plaintiff alleges a fifth cause of action as follows:

43. The Fair Employment and Housing Act prohibits harassment by employers and individuals including supervisors. Gov't Code 12923 et seq.  Mr. Rattie was subjected to harassing conduct because of his disability and requests for accommodation that was severe or pervasive affecting his ability to perform his work duties.

### FIFTH CAUSE OF ACTION
### FEHA:  RETALIATION

44. The allegations of above paragraphs are realleged and incorporated herein by reference, and plaintiff alleges a fifth cause of action as follows:

45. The Fair Employment and Housing Act prohibits retaliation by employers and "any person" including supervisors in their official capacity. Gov't Code 12900-12996. A causal connection exists between the complaints and termination based upon the proximity of time and lack of foundational basis for the accusations and forced leave of absence.

WHEREFORE, plaintiff requests relief as hereafter provided.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff requests relief as follows:

1. For back pay, front pay, and other special damages according to proof;

2. For compensatory damages including great anxiety, embarrassment, anger, loss of enjoyment of life, and severe emotional distress;

3. For liquidated and punitive damages;

4. For prejudgment interest on all damages awarded;

5. For reasonable attorney fees applicable statute or legal principle;

6. For costs of suit incurred; and

7. For such other and further relief as the Court may deem just and proper including lump sum offset for tax consequences.

**A JURY TRIAL IS DEMANDED.**

Respectfully submitted,

PAUL LAW OFFICES

    /s Gregory G. Paul
GREGORY G. PAUL
CA SBN: 233060
1808 Wedemeyer Street, Suite 216
San Francisco, CA 94129
Tel: (844)374-7200
Fax: (888) 822-9421
gregpaul@paullaw.com

Attorney for Plaintiff

Dated: September 6, 2022.